# Seelye *v.* The State.

*Indictment for Assault and Battery; Habeas Corpus Proceedings.*

1. *Practice act of city court of Montgomery; defendant can be sentenced after expiration of thirty days from date of judgment.*—Section 11 of the act approved Feb. 7th, 1901, "to prescribe the rules of practice and procedure in the city court of Montgomery," etc., (Acts 1900-1901, p. 826), providing that after the expiration of thirty days from rendition of final judgment in said court, such judgment shall be beyond the control of the court as if the term of the court had ended at the expiration of said thirty days, applies only to civil cases; and therefore, notwithstanding said act, it is competent for the court in a criminal case, after the expiration of thirty days from the judgment of conviction, to pass sentence upon a defendant in a criminal case.

APPEAL from order of Judge of City Court of Montgomery.

Heard before the Hon. A. D. SAYRE.

APPEAL from City Court of Montgomery.

Heard before the Hon. W. H. THOMAS.

The appellant in this case, Charles Seelye, prosecutes two appeals to this court; one from the order of the judge of the city court, denying his discharge on *habeas corpus* proceedings, and the other from judgment of conviction under indictment for assault and battery. The facts of the case are sufficiently stated in the opinion.

RAY RUSHTON, for appellant.—Section 11 of the act regulating practice in the city court of Montgomery, applies by its very terms to all judgments rendered in said court, both civil and criminal, provided such judgments are final judgments.—Acts 1900-1901, 831; *Reeves v. State*, 105 Ala. 120; *Napier v. Foster*, 80 Ala. 379; *Stewart v. L. & N. R. R.*, 83 Ala. 493; *Lehman v. Robinson*, 59 Ala. 219; *Woolsey v. Cade*, 54 Ala. 378.

This being the case and thirty days having elapsed from date of judgment of conviction, the court was without power to impose a sentence upon defendant. *Ex parte The State in re Newton*, 94 Ala. 431; *People v. Felker*, 61 Mich. 11.

MASSEY WILSON, Attorney-General, for the State, cited *Clanton v. State*, 96 Ala. 111; *Charles v. State*, 4 Port. 107; 19 Ency. Pl. & Pr. 446, and cases cited.

HARALSON, J.—As agreed by counsel on both sides, "The only point in the case is, whether after the expiration of thirty days after the judgment of conviction, the court had any authority of law for detaining Seelye. [the petitioner and appellant], and whether at that time, it had a right to sentence him to hard labor for the fine and costs, or impose on him any other punishment."

Section 11 of an act, approved February 7th, 1901, (Acts, 1900-1901, p. 826), "To prescribe rules of practice and procedure in the city court of Montgomery, and to define the powers of the judge of said court in reference thereto," provides, "That final judgments rendered

[Seelye v. The State.]

in said court shall after the expiration of thirty days
from their rendition be taken and deemed as completely
beyond the control of the court as if the term of the
said court at which the said judgments were rendered
had ended at the end of said thirty days; provided, how-
ever, that nothing herein contained shall prevent par-
ties from applying for new trials or rehearing within
said thirty days or destroy or change the effect of mo-
tions for new trials or rehearings, when so made, or
shall prevent parties from applying to said court for a
rehearing under the statute authorizing application for
rehearing in the circuit court, or shall prevent the court
from retrying any cause under sections 3341 and 3342
of the Code of Alabama, or shall prevent the court from
the exercise of any power of jurisdiction conferred upon
the circuit court touching final judgments."

The petitioner was indicted in October, 1901, and con-
victed on the 12th day of November, 1902, of an assault
and battery, and the jury fined him $250. On that day a
judgment was duly and regularly entered up against the
defendant, adjudging him guilty of an assault and bat-
tery, and further adjudging, that the State of Alabama
for the use of Montgomery county have and recover of
said defendant (the petitioner and appellant), the
amount of said fine and the costs, etc., and ordering that
defendant be remanded to jail to await the sentence of
the law.

On the 23rd of December, 1902, more than thirty days
after his conviction, defendant sued out a writ of *habeas
corpus* before Hon. A. D. Sayre, judge of the city court
of Montgomery, directed to the sheriff, who, in his re-
turn set up the above judgment, and Judge Sayre on the
hearing of the cause remanded him to the custody of
the sheriff. On the same day that Judge Sayre rendered
his decision in said *habeas corpus* proceedings, Judge
Thomas, associate judge of the said city court, before
whom the case of the State against the defendant had
been tried and in which he was convicted of assault and
battery, and during the same term of the court, sentenc-
ed the defendant to hard labor for the fine and costs in
said case. The defendant appeals to us in the case itself
and in the *habeas corpus* proceedings, and raises   the

[The State v. Shugart.]

same question in both cases, the two causes being submitted to be tried together.

It is stated by counsel for appellant in brief, that if said section 11 of the act referred to "does not apply to criminal cases, the court did have the right and power to impose hard labor for said fine and costs, and it was its duty to do so."

We have carefully examined said section, and also the several sections of the act, of which it is a part. The section itself contains much, if considered alone, indicating that it applies alone to civil cases, and on examination of the several sections of the act in connection with said section 11, it becomes reasonably certain that such is its proper interpretation. Especially is this conclusion emphasized by section 11 of said act, providing that all bills of exceptions relating to the trial of civil causes in said court must be signed by the presiding judge of said court within thirty days after the day on which the issue of fact to which said bill of exceptions relates was tried, unless the time be extended by agreement of parties or of their counsel, or by order of the presiding judge as now authorized by law respecting the signing of bills of exceptions in the circuit court. No reference is here made to bills of exceptions in criminal cases, but the provisions relate alone to civil causes, and bills of exceptions in criminal cases are left under the general law, just as they were before said act was passed.

The judgment of the court in each case must be affirmed.

